STATE OF MISSOURI at the Relation of ST. LOUIS AMUSEMENT COMPANY, a Corporation, Relator, v. HENRY A. ROSSKOPF and ALBERT D. NORTONI, Judges of the Circuit Court of the City of St. Louis. —52 S. W. (2d) 178.

Court en Banc, July 7, 1932.

*James A. Reed, James E. Taylor, Bryan, Williams, Cave & Mc-Pheeters,* and *Jeffries, Simpson & Plummer* for relator.

*Leahy, Saunders & Walther* and *Rassieur, Kammerer & Rassieur* for respondents.

RAGLAND, J.—This is an original proceeding in mandamus to compel the judge of Division 2 of the Circuit Court of the City of St. Louis to approve an appeal bond tendered by relator in connection with its appeal from an order refusing to vacate an interlocutory order appointing a receiver, in the case of Jack Shea et al. v. St. Louis Amusement Company et al., now pending in said division.

Upon defendants' making a return to the alternative writ herein, relator filed a motion for judgment on the pleadings. The return contains admissions, denials and new matter. We take the facts therefore from the allegations of new matter in the return and the allegations of the alternative writ not denied by the return.

The cause above mentioned is a suit in equity. It was instituted by two stockholders of the St. Louis Amusement Company, as plaintiffs, against that corporation and certain individuals, including its officers and directors, as defendants. In the bill it was averred that the suit was brought on behalf of plaintiffs and all other stockholders having like interests. Nine other stockholders intervened. By way of relief the bill asked, among other things, the appointment of a temporary receiver. Upon its filing the court made an order directed to the defendants to show cause why such receiver should not be appointed in accordance with the prayer of the bill. After an extended

hearing on the order to show cause, the court found the issues in favor of plaintiffs, appointed two temporary receivers and ordered them, upon giving bond, to take possession of the assets of the defendant corporation. A motion to vacate the order was duly filed and overruled, and defendants allowed an appeal from the order refusing to vacate. Defendants next filed a motion asking the court "to fix the amount of the appeal bond to be given by the defendant St. Louis Amusement Company, to stay the execution of said order appointing said receivers." After a further hearing the court fixed the amount of the bond at the sum of $400,000. Defendant Amusement Company tendered a bond for $150,000, which the court refused to approve on the sole ground that the penalty of the bond was insufficient. That is the bond which the relator asks that the respondent judge be required to accept as the basis for a stay of execution.

Relator, St. Louis Amusement Company, is a Missouri corporation, having its principal office and place of business in the city of St. Louis. Its assets have an aggregate book value of $2,000,000; the corporation's net worth is approximately $970,000. Fifty-one per cent of its capital stock is owned by Skouras Bros. Enterprises, Inc., a Delaware corporation, forty-one per cent by Warner Bros. Pictures, Inc., another Delaware corporation, and one and ninety-eight one-hundredths per cent by the plaintiffs and the interveners therein in the case of Shea et al. v. St. Louis Amusement Company, who joined plaintiffs in asking the appointment of a receiver and other relief. Warner Bros. Pictures, Inc., owns ninety-three per cent of the capital stock of Skouras Bros. Enterprises, Inc. The officers and directors of the St. Louis Amusement Company are all officers, agents and employees of Warner Bros. Pictures, Inc., and all of them, with the exception of one director, reside in the city of New York.

In Shea et al. v. St. Louis Amusement Company et al., the bill charged, among other things, and the court, on the hearing of the order to show cause, found: that the defendant directors of the St. Louis Amusement Company have abused their trust as directors; have unlawfully removed the general office of the defendant St. Louis Amusement Company to the city of New York; have been and are unlawfully administering the affairs of the defendant corporation in the interest and in behalf of Warner Bros. Pictures, Inc.; have unlawfully merged the affairs of the defendant corporation into the general organization of Warner Bros. Pictures, Inc., and its ally and subsidiary corporations and interests; have wrongfully shown improper partiality in the administration of the affairs of the defendant corporation to Warner Bros. Pictures, Inc., and Skouras Bros. Enterprises, Inc.; have wasted large sums of money in the payment of salaries of musicians whose services were not needed or used by the

defendant corporation; have illegally paid out large sums of money belonging to the defendant corporation for salaries of musicians who were employed under contract made by Warner Bros. Pictures, Inc.; have used their offices of directors of defendant corporation for the interest and benefit of said other corporations instead of for the benefit of all the stockholders of the defendant St. Louis Amusement Company; have unlawfully transferred to Warner Bros. Pictures, Inc., assets of the said defendant corporation; have wrongfully paid to Warner Bros. Pictures, Inc., grossly excessive prices for pictures furnished by said Warner Bros. Pictures, Inc., to defendant corporation; have wrongfully purchased practically all of the supplies and equipment needed for the operation of the business of the St. Louis Amusement Company from Warner Bros. Pictures, Inc., paying excessive and exorbitant prices therefor; have held all meetings of the board of directors of the defendant corporation since January 14, 1929, in the city of New York, in the office of Warner Bros. Pictures, Inc.; have failed to hold any annual meeting of stockholders for the election of directors for more than three years last past; have, through improper management of the affairs of the defendant corporation, lost and wasted its assets; and that the defendant St. Louis Amusement Company is entitled to an accounting from the said defendant directors and the defendants Charles P. Skouras, George P. Skouras, Spyros P. Skouras and Warner Bros. Pictures, Inc.

Following the hearing on the order to show cause, the court by its interlocutory order suspended the officers and directors of the defendant corporation from their respective offices and enjoined them from in any wise interferring with the management or affairs of said corporation until the further order of the court; appointed two temporary receivers to take charge of the business, property and effects of the defendant corporation; and ordered them "to collect, sue for and recover the debts and demands that may be due, and the property that may belong to such corporation."

In support of its contention that the court below grossly abused its discretion in rejecting the appeal bond tendered, on the ground that its penalty was insufficient, relator reasons in this fashion: Since the judgment is not for damages, the amount of the appeal bond required by the statute is such a sum as will afford adequate indemnity to the adverse party in the event that appellant fails to comply with the judgment of affirmance. The "adverse party" here consists of the plaintiffs and interveners, and no others. Their combined interests in the gross assets of the corporation, computed on a stockholding basis, would be $39,600. That is the greatest amount they could possibly lose through appellant's default. The costs may reasonably be estimated at $5,000. Adding the estimated costs and the value of plaintiffs' and interveners' interests in the corporation's

assets, stated in dollars and cents, and doubling the sum in accordance with Section 1022, Revised Statutes 1929, produces $89,200. A bond for $90,000 would therefore have been more than adequate.

While relator considered that a bond for $90,000 would fully meet the requirements of the statute, it tendered one for $150,000—for the purpose no doubt of meeting the possible views that might be entertained by this court, if it was unable to persuade the circuit court to modify its order fixing the penalty of the required bond at $400,000. The falacy of relator's reasoning lies in the assumption that plaintiffs and interveners in the equity suit constitute the "adverse party." The cause of action alleged in the bill in that proceeding is purely derivative. The plaintiffs therein do not assert that any of their personal rights have been violated; they seek redress for wrongs alleged to have been suffered by the corporation. ▌▌ Any recovery that may be had thereunder will be for the benefit of the corporation: if a money judgment be awarded, it must be paid to the corporation. [Hayden v. Perfection Cooler Co., 116 N. E. (Mass.) 871, and cases cited.] Consequently, the corporation is the real party plaintiff. As it could not itself bring the suit, because under the control of a board of directors hostile to its interests, it was necessarily made a party defendant by the stockholders who sue for it. The corporation is therefore to be considered the "adverse party," who within the purview of said Section 1022 is to be indemnified for loss, if any, resulting from a stay of execution if appellant fails to comply with the judgment rendered, or directed to be rendered, by the appellate court. The appeal, though taken in the name of the corporation, is in reality that of the individual defendants who as directors control it.

▌ If plaintiffs and interveners in the suit which gives rise to this proceeding be deemed the "adverse party" within the meaning of the statute, then they are not all the persons falling within that category. The suit was instituted by plaintiffs for themselves and in behalf of all other stockholders having like interests. It is therefore a class suit, brought by representatives of the class. [Clark v. Savings & Loan Assn, 217 Fed. 640.] The judgment that will be rendered therein, if on the merits, will be binding and conclusive on all members of the class whether they intervene or do not. [Dana v. Morgan, 232 Fed. 85.] In fact, the only advantage that intervention can give is the right to have a voice in the prosecution of the suit. Nine stockholders have availed themselves of that privilege. Who are the remaining stockholders who have like interests with plaintiffs? Evidently, not Warner Bros. Pictures, Inc., which owns ninety-two per cent of the stock and who through the exercise of its power as a majority stockholder is alleged to be despoiling and wrecking the corporation for its own enrichment. Plainly the

other stockholders who have interests and grievances similar to those of plaintiffs are the persons, who together with plaintiffs and interveners, own the remaining eight per cent of the stock.

■ From the conclusions reached in the preceding paragraph it follows that on relator's hypothesis as to who the "adverse party" is for whose protection the appeal bond is to be given, such party consists of the plaintiffs, the interveners and the remaining stockholders for whom plaintiffs sue—the owners altogether of eight per cent of the stock. If the amount of the appeal bond is to be determined on the basis of the *pro rata* share of the assets of the corporation to which the "adverse party" would be entitled if distributed according to stock ownership, then eight per cent, instead of one and ninety-eight hundredths per cent, must be used as the starting point. And if eight per cent of the assets be taken as the basis, and the computation be made in accordance with the methods employed by the relator as heretofore indicated, the penalty of the required bond will be found to be $330,000. In this connection it should be added that a stockholder's interest in a corporation cannot be fairly measured by his *pro rata* share of the assets, as upon dissolution; he is entitled to have the corporation continue as a going concern, engaged in the prosecution of the business for which it was incorporated.

For the reasons herein indicated it cannot be said that there was an abuse of discretion on the part of the judge of the circuit court in refusing to approve the appeal bond tendered. The alternative writ is quashed. All concur.